IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIM S.[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No. 3:20-cv-00715-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kim S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for social security disability insurance benefits. Full consent to magistrate jurisdiction was entered on May 29, 2020 (Dkt. #7). For the reasons provided below, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Plaintiff is a 52-year-old woman who alleges she is unable to work due to a variety of conditions including multilevel spondylosis with foraminal stenosis, kyphoscoliosis, pseudo meningocele, fibromyalgia, migraines, vertigo, hypertension, irritable bowel syndrome, chronic neck pain, and restless leg syndrome.

On October 26, 2016, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability on August 15, 2017. Tr. 13. The claim was

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

initially denied on August 21, 2017. She requested a hearing before an ALJ on September 20, 2017. Plaintiff appeared and testified at a hearing held on April 30, 2019. She was represented at the hearing by an attorney. The ALJ Kimberly O. Wyatt found Plaintiff not disabled on July 25, 2019. Tr. 26. The Appeals Council denied review, making the ALJ's decision the final agency decision. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

       416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

See also *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the

3 - Opinion and Order

claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. Tr. 15.

2. Plaintiff has not engaged in substantial gainful activity since August 15, 2017, the alleged onset date. Tr. 15.

3. Plaintiff has the following severe impairments: lumbar degenerative disc disease, irritable bowel disorder, obesity, major depressive disorder, generalized anxiety disorder, and insomnia. Tr. 15.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 16.

5. Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a). She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She can perform tasks that do not require rapid, physical movement or production-paced work. She can perform tasks that require no more than occasional exposure to extreme heat or cold, but never require exposure to hazards, such as machinery that requires agility to evade, or to unprotected heights. She can never transverse wet or slippery surfaces. Plaintiff can understand, remember, and carry out simple instructions and perform simple tasks. Within this context, she can maintain attention for two-hour blocks throughout an eight-hour work day; communicate and interact adequately with the public, supervisors, and coworkers; complete assigned tasks with ordinary supervision; exercise sufficient judgment to make work-related decisions; adapt to changes in a routine work setting; and adhere to a normal schedule. Tr. 18.

6. Plaintiff is unable to perform any past relevant work. Tr. 24.

7. Plaintiff was born on December 6, 1969, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. Tr. 24.

8. Plaintiff has at least a high school education and is able to communicate in English. Tr. 24.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills. Tr. 24.

10. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including surveillance system monitor, information clerk, and final assembler. Tr. 25.

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from August 15, 2017, through the date of this decision. Tr. 25.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where

the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion of Dr. Ramirez and other medical evidence.
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony.

For the following reasons, the Court finds that the ALJ properly evaluated the evidence. The RFC is supported by substantial evidence. The decision of the Commissioner is affirmed.

I.      **The ALJ properly evaluated the medical opinion of Dr. Ramirez and other medical evidence and did not err in formulating the RFC.**

Plaintiff's RFC is the most she can still do despite her impairments and is determined by assessing all relevant evidence. 20 C.F.R. § 404.1545(a)(1). RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week." Social Security Ruling ("SSR") 96-8p. The RFC must identify the individual's functional limitations and assess their work-related abilities on a function-by-function basis. *Id.* Here, the ALJ determined that Plaintiff was capable of performing a reduced range of sedentary work with postural and environmental limitations. Tr. 18. In coming to this conclusion, the ALJ relied somewhat on the opinion of the State agency consultant, and rejected the opinion of Plaintiff's treating provider, Dr. Ramirez. Tr. 24.

Plaintiff filed her application for the present matter on October 26, 2016, prior to the implementation of new regulations regarding evaluation of medical opinion evidence. The regulations of the SSA set forth the proper considerations to be used for claims filed prior to March 27, 2017. They provide that, generally, "we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(c)(1). In order to determine what weight to assign the opinion, the ALJ must consider the following factors: length, nature, and extent of the treating relationship; supportability of the opinion; consistency of the opinion with other evidence in the record; the specialization of the source; and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). Under the old rules, in order to reject the opinion of a treating physician, an ALJ is required to provide "specific and legitimate reasons that are supported by substantial evidence." *Esparza v. Colvin*, 631 F. App'x 460, 462 (9th Cir. 2015) (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1137

7 - Opinion and Order

(9th Cir. 2014)). This is so even if the treating source is contradicted by another doctor. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

The ALJ's rationale for affording Dr. Ramirez's opinion "little weight" was that it was neither supported nor consistent with the evidence which "shows that [Plaintiff's] physical impairments are treatable with medications such that her limitations are not as severe as Dr. Ramirez's opined." Tr. 24 (citing Exhibits 9F, 15F, and 19F, generally). Plaintiff argues that the records from South Texas show that Plaintiff did gain some relief from the plethora of treatments she underwent, but often that relief was short-lived. For example, at her first examination at South Texas on February 5, 2018. Plaintiff told staff that her stimulator did help relieve her pain, but that she was still at a six out of ten pain level on average. Tr. 546. Before both of Plaintiff's branch block procedure in April of 2018, she reported a five out of ten pain level. Tr. 767, 772. Plaintiff reported 100 percent pain relief after the procedures, however, her pain gradually came back to a six out of ten level. Tr. 761. Plaintiff also received radiofrequency ablations and rhizotomies on April 23 and May 8, 2018, but continued to report the same six out of ten pain levels on June 4, 2018. Tr. 746. Similarly, injections in her L4, L5, and S1 levels provided significant relief for a few months, but she was back to her standard pain level after these wore off. Tr. 720, 945.

Plaintiff argues here that her treatments actually became less effective as time went on, and she asserts that the ALJ's characterization of the evidence disregards the long-term results, which were not successful. She claims that the ALJ cherry-picked the evidence to show that the treatments improved her conditions. The Court disagrees. A review of the ALJ's report shows that the ALJ thoroughly discussed both the Plaintiff's improvement with treatments, and the eventual return of her pain as well. Moreover, the fact that the treatments did not fully cure

Plaintiff with no return of her symptoms does not mean they were not effective or not useful in helping Plaintiff manage her pain. The ALJ was not unreasonable in concluding that Plaintiff's significant, if temporary, improvement with treatments was contradictory to the assessment of Dr. Ramirez that she would be off-task 70% of the time and must lie down for three to four hours in an eight-hour day.

## II.     The ALJ properly evaluated Plaintiff's subjective symptom testimony.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give

"specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Here, the ALJ walked through Plaintiff's extensive record of complaints, treatments, and results. Ultimately the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20. The ALJ explained in detail how the medical record was contrary to the severity of symptoms Plaintiff alleged. Tr. 20-24. For instance, the ALJ thoroughly discussed the treatment modalities used, and concluded that "her pain has been relieved with treatments, including injections, medial branch blocks, and radiofrequency ablations (Exs. 9F, 15F, and 19F). In fact, the claimant has reported 100% relief in some cases (Exs. 9F/23 and 15F/48)." Tr. 24. As discussed above, if treatment relieves Plaintiff's symptoms, it is not necessary for the relief to be permanent in order to be effective. Therefore this was a clear and convincing reason for rejecting the alleged severity of Plaintiff's symptoms.

Plaintiff discusses the same evidence reviewed by the ALJ, but she comes to a different conclusion. The Court finds that the ALJ exhaustively reviewed all of the evidence propounded, and while Plaintiff may disagree with the ALJ's ultimate conclusions about the evidence, the ALJ's interpretation and conclusions are not unreasonable as a matter of law. The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Here, Plaintiff's interpretation of the evidence is reasonable, but so is the ALJ's interpretation. The ALJ gave clear and convincing reasons, and substantial evidence supports the ALJ's assessment regarding Plaintiff's subjective symptom testimony.

**ORDER**

The ALJ properly evaluated the evidence, and the RFC is supported by substantial evidence. The final decision of the Commissioner is affirmed.

It is so ORDERED and DATED this 31 day of March, 2022.

_____
MARK D. CLARKE
United States Magistrate Judge